IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PATRICK HANSON,<br><br>                    Plaintiff,<br><br>vs.<br><br>MARTIN O'MALLEY, Commissioner of Social Security;<br><br>                    Defendant. | 4:23CV3222<br><br>ORDER |

       This matter is before the Court[1] on the Motion for Attorney Fees Pursuant to EAJA (Filing No. 23) filed by the Plaintiff, Patrick Hanson.  Plaintiff filed suit in this Court on November 21, 2023, challenging the denial of his request for disability benefits.  (Filing No. 1).  Upon the unopposed motion of the defendant, Martin O'Malley, Commissioner of Social Security ("Commissioner"), on June 18, 2024, the Court entered an order and judgment (1) reversing the final decision denying Plaintiff's claim for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. § 401 et seq., and (2) remanding this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).  (Filing No. 21; Filing No. 22).

       Plaintiff now requests this Court award attorney's fees and costs totaling $3,912.00, to the Plaintiff in this civil action pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  (Filing No. 23).  The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United

---

[1] The parties consented to the final disposition of this case by the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c)(1).  (Filing No. 13).

States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1).

In light of the Court's Order reversing and remanding this case, Plaintiff asks the Court to award him $3,912.00 in attorney fees under the EAJA. This proposed award represents 16.3 hours of his attorney's work at $240.00 an hour. In support of this motion, Plaintiff's counsel submitted an itemization of her time, as well as Consumer Price Index data for December of the preceding year. See 28 U.S.C. § 2412(d)(2)(A) (stating the Court may award fees in excess of $125 per hour if warranted by an increase in the cost of living); see also *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) ("[T]he Consumer Price Index constitutes 'proper proof' of increased cost of living" and can justify an increased EAJA attorney fee award).

The Commissioner filed a Response stating he does not object to an award of attorney's fees in the amount requested. (Filing No. 24). The Commissioner does note, however, that under *Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010), "the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy any pre-existing debt that the litigant may owe to the United States." (Filing No. 24).

After review, the Court finds Plaintiff is entitled to an EAJA attorney fee award of $3,912.00 to be paid by the Social Security Administration. Plaintiff is a prevailing party in this matter and otherwise meets the EAJA's statutory requirements. See 28 U.S.C. § 2412(d)(1)(a). His request is also timely and reasonable. See *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (stating an "EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—i.e., 30 days after the time for appeal has ended"). Plaintiff requests that the attorney's fees award be made payable and delivered to his counsel of record. The Commissioner requests that, in accordance with *Ratliff*, the EAJA fee be made payable to Plaintiff as the litigant and may be subject to offset to satisfy any pre-existing debt that the litigant may owe to the United States. Although payable to Plaintiff, the EAJA fee award can be sent to his attorney for distribution. See *Ratliff*, 560 U.S. at 589-90. Accordingly,

**IT IS ORDERED**:

1. The plaintiff's Motion for Attorney Fees Pursuant to EAJA (Filing No. 23) is granted.

2. The plaintiff is awarded attorney fees in the amount of $3,912.00.

3. The Social Security Administration shall make the fee award payable to Plaintiff and deliver the payment to Counsel Chellsie Weber at her office at 13750 Millard Ave., Ste. 202, Omaha, NE 68137. Counsel shall be responsible for remitting to Plaintiff his portion of the award.

4. A separate judgment will issue.

Dated this 2nd day of October, 2024.

BY THE COURT:

United States Magistrate Judge